**OLD REPUBLIC INSURANCE COMPANY, Petitioner,**

v.

**Lola SCOTT, Respondent.**

**No. D–4177.**

Supreme Court of Texas.

March 30, 1994.

Rehearing Overruled May 11, 1994.

Lawrence J. West, Houston, for petitioner.

Charles B. Lord, Austin, William A. Badders, Nacogdoches, for respondent.

PER CURIAM.

In its appeal, Old Republic urges that the trial court abused its discretion when it overruled Old Republic's equitable motion for

new trial because the affidavits attached to the motion established all three elements required under *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Applying *Craddock* and *Strackbein v. Prewitt,* 671 S.W.2d 37, 38–39 (Tex.1984), we hold that the court of appeals erred in affirming the trial court on the basis that Old Republic failed to satisfy the first prong of *Craddock,* and therefore reverse and remand to the court of appeals.

Lola Scott, an ARA Food Services employee, filed a claim for medical and disability coverage with Old Republic alleging she suffered an on-the-job injury. Old Republic, ARA's workers' compensation carrier, denied the claim and Scott sued for benefits.

On February 1, 1990, the trial court rendered a default judgment against Old Republic for failure to answer. Old Republic filed two motions for new trial, one on March 1 and another on June 8, each alleging that its failure to answer was due to a mistake, and was not intentional or the result of conscious indifference. Old Republic attached affidavits supporting these contentions and the other elements of the *Craddock* test. Although Scott did not controvert the affidavits, the trial court overruled Old Republic's motions. This appeal ensued. *Old Republic Ins. Co v. Scott,* 846 S.W.2d 832 (Tex.1993).

In one of the affidavits, Cherie Davis, a claims handler assigned to investigate the lost citation, avers that Old Republic transferred claim files pertaining to the ARA facility from one adjustment company, Alexsis, to another, Adjustco, around the time the Scott citation arrived. Davis states "to the best of [her] knowledge," that Scott's citation was inadvertently included among the transferred files and misplaced. According to Davis, Old Republic's failure to answer was due to this mishandling.

The trial court's decision to overrule a new trial motion is subject to review for abuse of discretion. *Cliff v. Huggins,* 724 S.W.2d 778 (Tex.1987); *Strackbein v. Prewitt,* 671 S.W.2d 37 (Tex.1984). That discretion, however, is "not an unbridled discretion to decide cases as they might," *Craddock,* 133 S.W.2d at 126, but must be guided by a three-part test: (1) the defendant's failure to

answer before judgment was not intentional, or the result of conscious indifference on the defendant's part, but was due to a mistake or accident, (2) the motion for new trial sets up a meritorious defense, and (3) the motion is filed at a time when its granting would not result in a delay or otherwise injure the plaintiff. *Accord Bank One, Texas, N.A. v. Moody,* 830 S.W.2d 81, 83 (Tex.1992). The trial court overruled Old Republic's motions, and the court of appeals affirmed, solely on the ground that Old Republic failed to satisfy the first *Craddock* element, 862 S.W.2d 639. This ruling directly conflicts with well-established law.

If the factual assertions in the defendant's affidavits are not controverted, the defendant satisfies his or her burden if the affidavits set forth facts that, if true, negate intent or conscious indifference. *Strackbein v. Prewitt,* 671 S.W.2d 37, 38–39 (Tex.1984); *Litchfield v. Litchfield,* 794 S.W.2d 105, 106 (Tex. App.—Houston [1st Dist.] 1990, no writ); *Gotcher v. Barnett,* 757 S.W.2d 398, 401 (Tex. App.—Houston [14th Dist.] 1988, no writ); *Peoples Sav. & Loan Ass'n v. Barber,* 733 S.W.2d 679, 680 (Tex.App.—San Antonio 1987, writ dism'd); *Holberg v. Short,* 731 S.W.2d 584, 586 (Tex.App.—Houston [14th Dist.] 1987, no writ); *Royal Zenith Corp. v. Martinez,* 695 S.W.2d 327, 329 (Tex.App.— Waco, no writ). A trial court abuses its discretion if it denies a motion for new trial when the defendant satisfies the *Craddock* standard. Old Republic satisfied its burden and introduced affidavits which set forth facts establishing that its failure to answer was mistaken or accidental, and not intentional or the result of conscious indifference.

We therefore grant Old Republic's application and, without hearing argument, a majority of the court reverses the judgment of the court of appeals and remands this cause to the court of appeals for a determination concerning the second and third prongs of *Craddock.* Tex.R.App.P. 170.