COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-356-CV
 
RANDY PIERCE, D/B/A PIERCE                                                            APPELLANT
INVESTMENTS, D/B/A APRI HOMES
V.
KEVIN DUTTON                                                              
                
APPELLEE
------------
FROM THE 17
TH DISTRICT COURT OF TARRANT
COUNTY
------------
MEMORANDUM OPINION(1)
------------
This is an appeal of a default judgment
that was rendered against Appellant Randy Pierce, d/b/a Pierce Investments,
d/b/a Apri Homes ("Pierce"). Appellee Kevin Dutton
("Dutton") sued Pierce for damages that Dutton contended resulted from
Pierce's negligent construction of Dutton's home. We reverse the trial court's
judgment.
I. FACTUAL SUMMARY
On April 30, 2002, Pierce was served with
Dutton's original petition at his personal residence. A miscommunication
occurred between Pierce and his wife about who was to deliver the papers to
their attorney, and the papers lay untouched until Pierce received notice that a
default judgment had been rendered against him on July 26, 2002.
Upon learning of the default judgment,
Pierce found the papers and contacted his attorney, who then timely filed a
verified motion for new trial. Pierce argued that the mistake was unintentional.
A hearing was not held on the motion until October 18, 2002, which is more than
seventy-five days after the date the default judgment was granted. At the
hearing, the trial court formally denied Pierce's motion for new trial. Pierce
then perfected this appeal.
II. LEGAL ANALYSIS
Because Dutton argues that Pierce waived
any error by the trial court, we address that argument before reaching Pierce's
first issue. Dutton argues that because Pierce failed to secure a hearing on his
motion for new trial before it was overruled by operation of law, he waived any
error made by the trial court. Dutton contends that the issue is whether the
trial court abused its discretion by allowing the motion to be overruled by
operation of law. We disagree.
The trial court signed the final judgment
on July 26, 2002. The motion for new trial was thus due by Monday, August 26.(2)
By October 10, the trial court had not ruled on Pierce's motion; therefore, the
motion was overruled by operation of law on that date.(3)
The trial court held a hearing on October 18, 2002, which was after the motion
was overruled by operation of law but before the trial court's plenary power
expired.(4) Because the trial court had the
authority to grant a new trial or to vacate, modify, correct, or reform the
judgment when it held the hearing on Pierce's motion for new trial,(5)
the trial court properly exercised this power and heard Pierce's motion.
Accordingly, no error was waived.
Turning to Pierce's first issue, Pierce
argues that the trial court erred in denying his motion for new trial because
all three elements of the Craddock test were met.(6)
We agree.
The denial of a motion for new trial is
reviewed on appeal for an abuse of discretion.(7)
If the trial court's judgment can be grounded on any valid legal theory, then
the judgment stands.(8) When considering a motion
for new trial filed in response to a default judgment, the judgment

 should be set aside and a new trial
 ordered in any case in which the failure of the defendant to answer before
 judgment was not intentional, or the result of conscious indifference on his
 part, but was due to a mistake or an accident; provided the motion for a new
 trial sets up a meritorious defense and is filed at a time when the granting
 thereof will occasion no delay or otherwise work an injury to the plaintiff.(9)

Pierce argues in his brief that he has met
all three prongs of the Craddock test. Dutton does not challenge the
second and third prongs of the Craddock test, but we address them here
for the sake of completeness. A defendant is only required to set up a
meritorious defense; he does not have to conclusively prove each element of his
defense.(10) In Pierce's motion for new trial,
he alleged that Dutton's construction of a swimming pool in his backyard was the
cause of Dutton's alleged damages to his house. We hold that Pierce set up a
meritorious defense in compliance with the second prong of the Craddock
test.
With respect to any injury Dutton may
suffer if a new trial is granted, Pierce stated in his motion for new trial that
he is willing to reimburse Dutton for Dutton's costs and expenses incurred for
the default judgment. Therefore, we hold that Pierce met the third prong of the Craddock
test.
With regard to the first prong of the Craddock
test, Pierce attached his own affidavit and the affidavit of his wife to his
motion for new trial in which they both explained how they mistakenly failed to
respond to the lawsuit. Affidavits attached to a motion for new trial do not
have to be offered into evidence for consideration of any element of the Craddock
test.(11) The first affidavit by Pierce states:

        
 Upon being served with citation in this case at my resident [sic], in the
 early evening, I placed the suit papers on a table at my home with the intent
 that my wife deliver them to my lawyer to be answered by him on my behalf. On
 the same table were other personal papers of me and my wife, Leslie A. Pierce.
 After receiving a written notice of default and a copy of the default judgment
 in this case, I learned that my wife had accidently put the suit papers with
 other personal papers in a file at my home, assuming that I had picked up the
 papers to deliver to my lawyer instead of her doing so.
 Had I been aware that my wife did not
 take the suit papers to my lawyer, I would have promptly taken steps to do so.
 I did not consciously or intentionally fail to have this suit timely answered.

The second affidavit, which was by Leslie
A. Pierce states:

        
 When served with the suit papers in this case, Randy asked me to take them to
 his lawyer as he would be extremely busy the next day. When I looked for the
 suit papers the next day, I did not notice them among the other papers laying
 on a table in our home. I then assumed Randy had decided to take them to his
 attorney and gave the matter no more thought.
        
 After Randy received notice that a default judgment had been granted against
 him, we discussed it and realized we each had accidently thought the other had
 delivered the suit papers to Randy's lawyer. After that discussion, I found
 the suit papers filed with other papers at our home. I had mistakenly included
 them with other personal papers I filed at our home. From past experience I
 knew lawsuits involving builders, as well as Randy, are not unusual in the
 building industry. I also knew such suit papers should not be ignored. I did
 not knowingly or intentionally file the suit papers in this case with other
 personal papers. I would never intentionally do so.

 
Dutton offered no evidence to challenge
the affidavits.
Furthermore, at the hearing on Pierce's
motion for new trial, the trial court heard testimony from Pierce in which
Pierce explained how he accidently failed to respond to the lawsuit. Once again,
Dutton offered no evidence to rebut Pierce's testimony that the failure to
respond was a mistake. "If the factual assertions in the defendant's
affidavits are not controverted, the defendant satisfies his or her burden if
the affidavits set forth facts that, if true, negate intent or conscious
indifference."(12) According to the
affidavits, Pierce and his wife each thought the other had delivered the lawsuit
papers to their attorney.
The order denying Pierce's motion for new
trial states that the trial court heard the arguments of counsel and reviewed
the pleadings, motions, and other documents on file before denying the motion.
The record also reflects that the trial court entertained testimony from Pierce
at the hearing on the motion. Because the evidence considered by the trial court
establishes that both Pierce and his wife accidently misplaced the lawsuit
papers and because Dutton failed to offer any evidence to rebut Pierce's
evidence, we hold that Pierce's failure to answer Dutton's petition was a
mistake and not intentional. We sustain Pierce's first issue. Because we sustain
Pierce's first issue, we do not reach his remaining issues.(13)
 
III. CONCLUSION
Having held that the trial court abused
its discretion by failing to grant Pierce's motion for new trial, we reverse the
trial court's judgment and remand the case for trial on the merits.
 
                                                           
LEE ANN DAUPHINOT
                                                           
JUSTICE
 
PANEL B: DAUPHINOT, GARDNER, and WALKER,
JJ.
DELIVERED: May 15, 2003

1. See Tex. R. App. P. 47.4.
2. See Tex. R. Civ. P. 329b(a); see also
Tex. R. Civ. P. 4 (stating that the last day is counted unless it falls on a
weekend or holiday, in which case, the next day which is not a Saturday, Sunday,
or holiday is counted).
3. See Tex. R. Civ. P. 329b(c) (stating that a
motion for new trial will be overruled by operation of law if trial court does
not address the motion by signed written order within seventy-five days after
the judgment is signed).
4. See Tex. R. Civ. P. 329b(e) (stating that a
trial court does not lose its plenary power until thirty days after motion is
either overruled by trial court or by operation of law).
5. See id.
6. See Craddock v. Sunshine Bus Lines, Inc., 134
Tex. 388, 133 S.W.2d 124, 126 (1939).
7. Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex.
1984).
8. Id.
9. Craddock, 133 S.W.2d at 126.
10. Ivy v. Carrell, 407 S.W.2d 212, 214 (Tex.
1966).
11. Dir., State Employees Workers' Comp. Div. v.
Evans, 889 S.W.2d 266, 268 (Tex. 1994).
12. Old Republic Ins. Co. v. Scott, 873 S.W.2d
381, 382 (Tex. 1994).
13. See Tex. R. App. P. 47.1.