pierce v. dutton

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-356-CV

RANDY PIERCE, D/B/A PIERCE APPELLANT

INVESTMENTS, D/B/A APRI HOMES

V.

KEVIN DUTTON APPELLEE

------------

FROM THE 17
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is an appeal of a default judgment that was rendered against Appellant Randy Pierce, d/b/a Pierce Investments, d/b/a Apri Homes (“Pierce”).  Appellee Kevin Dutton (“Dutton”) sued Pierce for damages that Dutton contended resulted from Pierce’s negligent construction of Dutton’s home.  We reverse the trial court’s judgment.

I.  FACTUAL SUMMARY

On April 30, 2002, Pierce was served with Dutton’s original petition at his personal residence.  A miscommunication occurred between Pierce and his wife about who was to deliver the papers to their attorney, and the papers lay untouched until Pierce received notice that a default judgment had been rendered against him on July 26, 2002.

Upon learning of the default judgment, Pierce found the papers and contacted his attorney, who then timely filed a verified motion for new trial.  Pierce argued that the mistake was unintentional.  A hearing was not held on the motion until October 18, 2002, which is more than seventy-five days after the date the default judgment was granted.  At the hearing, the trial court formally denied Pierce’s motion for new trial.  Pierce then perfected this appeal.

II.  LEGAL ANALYSIS

Because Dutton argues that Pierce waived any error by the trial court, we address that argument before reaching Pierce’s first issue.  Dutton argues that because Pierce failed to secure a hearing on his motion for new trial before it was overruled by operation of law, he waived any error made by the trial court.  Dutton contends that the issue is whether the trial court abused its discretion by allowing the motion to be overruled by operation of law.  We disagree.

The trial court signed the final judgment on July 26, 2002.  The motion for new trial was thus due by Monday, August 26.
(footnote: 2)  By October 10, the trial court had not ruled on Pierce’s motion; therefore, the motion was overruled by operation of law on that date.
(footnote: 3)  The trial court held a hearing on October 18, 2002, which was after the motion was overruled by operation of law but before the trial court’s plenary power expired.
(footnote: 4)  Because the trial court had the authority to grant a new trial or to vacate, modify, correct, or reform the judgment when it held the hearing on Pierce’s motion for new trial,
(footnote: 5) the trial court properly exercised this power and heard Pierce’s motion.  Accordingly, no error was waived.

Turning to Pierce’s first issue, Pierce argues that the trial court erred in denying his motion for new trial because all three elements of the 
Craddock
 test were met.
(footnote: 6)  We agree.

The denial of a motion for new trial is reviewed on appeal for an abuse of discretion.
(footnote: 7)  If the trial court’s judgment can be grounded on any valid legal theory, then the judgment stands.
(footnote: 8)  When considering a motion for new trial filed in response to a default judgment, the judgment

should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.
(footnote: 9)
 Pierce argues in his brief that he has met all three prongs of the 
Craddock
 test.  Dutton does not challenge the second and third prongs of the 
Craddock
 test, but we address them here for the sake of completeness.  A defendant is only required to set up a meritorious defense; he does not have to conclusively prove each element of his defense.
(footnote: 10)  In Pierce’s motion for new trial, he alleged that Dutton’s construction of a swimming pool in his backyard was the cause of Dutton’s alleged damages to his house.  We hold that Pierce set up a meritorious defense in compliance with the second prong of the 
Craddock
 test.

With respect to any injury Dutton may suffer if a new trial is granted, Pierce stated in his motion for new trial that he is willing to reimburse Dutton for Dutton’s costs and expenses incurred for the default judgment.  Therefore, we hold that Pierce met the third prong of the 
Craddock
 test.

With regard to the first prong of the 
Craddock
 test, Pierce attached his own affidavit and the affidavit of his wife to his motion for new trial in which they both explained how they mistakenly failed to respond to the lawsuit.  Affidavits attached to a motion for new trial do not have to be offered into evidence for consideration of any element of the 
Craddock
 test.
(footnote: 11)  The first affidavit by Pierce states:

Upon being served with citation in this case at my resident [sic], in the early evening, I placed the suit papers on a table at my home with the intent that my wife deliver them to my lawyer to be answered by him on my behalf.  On the same table were other personal papers of me and my wife, Leslie A. Pierce.  After receiving a written notice of default and a copy of the default judgment in this case, I learned that my wife had accidently put the suit papers with other personal papers in a file at my home, assuming that I had picked up the papers to deliver to my lawyer instead of her doing so.

Had I been aware that my wife did not take the suit papers to my lawyer, I would have promptly taken steps to do so.  I did not consciously or intentionally fail to have this suit timely answered.

The second affidavit, which was by Leslie A. Pierce states:

When served with the suit papers in this case, Randy asked me to take them to his lawyer as he would be extremely busy the next day.  When I looked for the suit papers the next day, I did not notice them among the other papers laying on a table in our home.  I then assumed Randy had decided to take them to his attorney and gave the matter no more thought.

After Randy received notice that a default judgment had been granted against him, we discussed it and realized we each had accidently thought the other had delivered the suit papers to Randy’s lawyer.  After that discussion, I found the suit papers filed with other papers at our home.  I had mistakenly included them with other personal papers I filed at our home.  From past experience I knew lawsuits involving builders, as well as Randy, are not unusual in the building industry.  I also knew such suit papers should not be ignored.  I did not knowingly or intentionally file the suit papers in this case with other personal papers.  I would never intentionally do so.

Dutton offered no evidence to challenge the affidavits.

Furthermore, at the hearing on Pierce’s motion for new trial, the trial court heard testimony from Pierce in which Pierce explained how he accidently failed to respond to the lawsuit.  Once again, Dutton offered no evidence to rebut Pierce’s testimony that the failure to respond was a mistake.  “If the factual assertions in the defendant's affidavits are not controverted, the defendant satisfies his or her burden if the affidavits set forth facts that, if true, negate intent or conscious indifference.”
(footnote: 12)  According to the affidavits, Pierce and his wife each thought the other had delivered the lawsuit papers to their attorney. 

The order denying Pierce’s motion for new trial states that the trial court heard the arguments of counsel and reviewed the pleadings, motions, and other documents on file before denying the motion.  The record also reflects that the trial court entertained testimony from Pierce at the hearing on the motion. Because the evidence considered by the trial court establishes that both Pierce and his wife accidently misplaced the lawsuit papers and because Dutton failed to offer any evidence to rebut Pierce’s evidence, we hold that Pierce’s failure to answer Dutton’s petition was a mistake and not intentional.  We sustain Pierce’s first issue.  Because we sustain Pierce’s first issue, we do not reach his remaining issues.
(footnote: 13) 

III.  CONCLUSION

Having held that the trial court abused its discretion by failing to grant Pierce’s motion for new trial, we reverse the trial court’s judgment and remand the case for trial on the merits.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: May 15, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.

2:
See 
Tex. R. Civ. P.
 329b(a); 
see also
 
Tex. R. Civ. P.
 4 (stating that the last day is counted unless it falls on a weekend or holiday, in which case, the next day which is not a Saturday, Sunday, or holiday is counted).

3:
See 
Tex. R. Civ. P. 329
b(c) (stating that a motion for new trial will be overruled by operation of law if trial court does not address the motion by signed written order within seventy-five days after the judgment is signed).

4:
See 
Tex. R. Civ. P. 329
b(e) (stating that a trial court does not lose its plenary power until thirty days after motion is either overruled by trial court or by operation of law).

5:
See id.

6:
See Craddock v. Sunshine Bus Lines, Inc.
, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

7:
Strackbein v. Prewitt
, 671 S.W.2d 37, 38 (Tex. 1984).

8:
Id.

9:
Craddock
, 133 S.W.2d at 126.

10:
Ivy v. Carrell
, 407 S.W.2d 212, 214 (Tex. 1966).

11:
Dir., State Employees Workers’ Comp. Div. v. Evans
, 889 S.W.2d 266, 268 (Tex. 1994).

12:
Old Republic Ins. Co. v. Scott
, 873 S.W.2d 381, 382 (Tex. 1994).

13:
See
 
Tex. R. App. P.
 47.1.