11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
Leroy Phillip Mitchell
            Appellant
Vs.                  No. 11-03-00020-CV -- Appeal from Dallas County
Nations Credit Financial Services Corporation
            Appellee
 
            This is an appeal from a default judgment granting possession of certain real property to
Nations Credit Financial Services Corporation. After acquiring the property at a foreclosure sale and
giving notice to vacate, Nations Credit filed a forcible entry and detainer action against the occupants
of the property. A default judgment in favor of Nations Credit was obtained in justice court, and
Leroy Phillip Mitchell appealed to county court for a trial de novo. Mitchell did not file an answer
in this case and did not appear when the case was called for trial in county court. The county court
entered a default judgment against Mitchell in favor of Nations Credit. We affirm. 
            In a single point of error on appeal, Mitchell contends that the trial court erred by refusing
to grant his motion for new trial. Mitchell moved for new trial on the grounds that his failure to
appear was not intentional, that he has a meritorious defense, and that a new trial will not cause delay
or injury to Nations Credit. A default judgment should be set aside in any case in which the
defendant demonstrates the following: (1) that its failure to answer was not intentional or the result
of conscious indifference, but was due to mistake or accident; (2) that it has a meritorious defense; 
and (3) that the granting of a new trial will not operate to cause delay or other injury to the plaintiff. 
Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex.1939); see also Director, State
Employees Workers’ Compensation Division v. Evans, 889 S.W.2d 266, 268 (Tex.1994); Old
Republic Insurance Company v. Scott, 873 S.W.2d 381 (Tex.1994). A trial court has discretion to
rule on such a motion for new trial; however, where all three of the Craddock elements are satisfied,
it is an abuse of discretion for the trial court to deny the defendant a new trial. Director, State
Employees Workers’ Compensation Division v. Evans, supra at 268; Old Republic Insurance
Company v. Scott, supra at 382. 
            In this case, the uncontroverted evidence showed that Mitchell failed to appear for trial in
county court on October 3, 2002, because he was required to be in Colorado as a witness in federal
court during that same week. A letter from Mitchell’s attorney in Colorado confirmed Mitchell’s
assertion. Although Mitchell explained that his failure to appear at trial was due to his absence from
the state, Mitchell failed to explain why he did not file an answer or request a continuance in this
case. Pursuant to TEX.R.CIV.P. 753, if the defendant in a forcible entry and detainer case fails to
file a written answer in either the justice court or the county court within eight days after the
transcript is filed in county court, “the allegations of the complaint may be taken as admitted and
judgment by default may be entered.” Mitchell offered no explanation whatsoever as to why he did
not file an answer in this case. We hold that Mitchell has not shown that his failure to answer was
not intentional or the result of conscious indifference. Because Mitchell did not satisfy the first
element of the Craddock test, the trial court did not abuse its discretion in denying Mitchell’s motion
for new trial.
            Moreover, Mitchell has also failed to meet the second element of the Craddock test. The
“only issue” in an action for forcible entry and detainer is the “right to actual possession; and the
merits of the title shall not be adjudicated.” TEX.R.CIV.P. 746; see Dormady v. Dinero Land &
Cattle Co., L.C., 61 S.W.3d 555 (Tex.App. - San Antonio 2001, pet’n dism’d w.o.j.). Mitchell
asserts that he had a meritorious defense because he had an equitable claim of ownership or a right
of reimbursement against the property and Nations Credit. Mitchell’s “meritorious defense” was not
a defense against Nations Credit’s right to possession of the property. See Dormady v. Dinero Land
& Cattle Co., L.C., supra. Mitchell’s point of error is overruled. 
            The judgment of the trial court is affirmed. 
 
February 19, 2004                                                                  PER CURIAM
Not designated for publication. See TEX.R.APP.P. 47.2(a). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.