**Opinion filed October 23, 2008**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00132-CV

_____

## A.J. MORRIS, II LIVING TRUST (A.J. MORRIS), Appellant

## V.

## PALO PINTO COUNTY, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 20,761**

## M E M O R A N D U M   O P I N I O N

This is a suit for delinquent taxes. A.J. Morris, II Living Trust (A.J. Morris) challenges the trial court's default judgment. We affirm.

On September 20, 2007, Palo Pinto County filed its original petition seeking $21,779.78 in back taxes from Morris. The record reflects that Morris was served with the petition on October 25, 2007. The case was set for hearing on January 29, 2008. The judgment recites that Morris neither filed an answer nor appeared at the hearing. Palo Pinto County tendered certified tax statements to

support its claims. The trial court signed its judgment in favor of Palo Pinto County on January 29, 2008.

On February 14, 2008, Morris filed both a pro se answer and a pro se motion for new trial. In the motion for new trial, Morris alleged that he mailed the original answer on or about December 29, 2007; that no notice of the January 29 hearing was received; that his failure to appear was not intentional or due to conscious indifference but was an accident; that a meritorious defense existed in that he did not owe any taxes and did not own the property in question; that the evidence did not support the judgment; and that granting a new trial would not cause undue delay or injury. No supporting affidavits were attached to the motion, and the motion was not verified. Morris attached a copy of his original answer to his motion. However, the copy was not file-marked.

Palo Pinto County filed a verified answer to Morris's motion for new trial contending that Morris was notified of the setting date and that the notice was not returned, denying all of Morris's allegations, and demanding strict proof of those allegations. The trial court denied Morris's motion for new trial.

In his brief, Morris challenges the overruling of his motion for new trial and argues that the trial court's "abdication of administrative function and responsibility to a private individual violates the Equal Protection Clause" and that the "amount of the judgment is incorrect and against the wrong party." In his rebuttal brief, Morris challenges the statement that this is a no-answer default judgment. Morris never challenges that he was served with Palo Pinto's petition. Instead, he argues that counsel for Palo Pinto County had no authority to send him notice of the setting of the case, that he never received notice of the setting even though notice was mailed to the same address where he had been served with the petition, and that he filed an "appropriate answer." Morris appears to be contending that the trial court must personally send notice of a hearing to the parties and that either the answer he claims to have mailed on December 29 or the answer he filed in conjunction with his motion for new trial is "appropriate." We note that neither answer is timely pursuant to Tex. R. Civ. P. 99.

We review the trial court's actions on Morris's motion for new trial under an abuse of discretion standard of review. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006); *Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994). It is well established

in Texas that a motion for new trial should be granted, and a default judgment set aside, when the defendant establishes that his failure to answer before the judgment was signed was due to accident or mistake and was neither intentional nor the result of conscious indifference, when the defendant provides a meritorious defense in his motion for new trial, and when the granting of the motion for new trial will cause no delay or injury to the plaintiff. *In re R.R.*, 209 S.W.3d at 114-15; *Evans*, 889 S.W.2d at 268; *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994); *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). When the defendant establishes these factual *Craddock* requirements in a proper motion for new trial and when his factual allegations are not challenged, it is an abuse of discretion not to grant the motion for new trial. *Evans*, 889 S.W.2d at 268; *Scott*, 873 S.W.2d at 382.

Morris has failed to establish the threshold of the *Craddock* requirements. The allegations in his motion for new trial were neither verified nor supported by affidavits. Palo Pinto County controverted Morris's unsupported allegations in its verified response. Morris has failed to establish that the trial court abused its discretion by overruling his motion for new trial. *See Scott*, 873 S.W.2d at 382. All of Morris's contentions on appeal have been considered, and each is overruled.

The judgment of the trial court is affirmed.

PER CURIAM

October 23, 2008

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

3