Opinion filed October 23, 2008 











 
 
  
 
 







 
 
  
 
 




Opinion filed October 23,
2008 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-08-00132-CV

                                           __________

 

               A.J. MORRIS, II LIVING TRUST (A.J. MORRIS), Appellant

 

                                                             V.

 

                                    PALO
PINTO COUNTY, Appellee

 



 

                                          On
Appeal from the 29th District Court

 

                                                       Palo
Pinto County, Texas

 

                                                   Trial
Court Cause No. 20,761

 



 

                                            M
E M O R A N D U M    O P I N I O N

This
is a suit for delinquent taxes.  A.J. Morris, II Living Trust (A.J. Morris)
challenges the trial court=s
default judgment.  We affirm.








On
September 20, 2007, Palo Pinto County filed its original petition seeking
$21,779.78 in back taxes from Morris.  The record reflects that Morris was
served with the petition on October 25, 2007.  The case was set for hearing on
January 29, 2008.  The judgment recites that Morris neither filed an answer nor
appeared at the hearing.  Palo Pinto County tendered certified tax statements
to support its claims.  The trial court signed its judgment in favor of Palo
Pinto County on January 29, 2008.

On
February 14, 2008, Morris filed both a pro se answer and a pro se motion for
new trial.  In the motion for new trial, Morris alleged that he mailed the
original answer on or about December 29, 2007; that no notice of the
January 29 hearing was received; that his failure to appear was not intentional
or due to conscious indifference but was an accident; that a meritorious
defense existed in that he did not owe any taxes and did not own the property
in question; that the evidence did not support the judgment; and that granting
a new trial would not cause undue delay or injury.  No supporting affidavits
were attached to the motion, and the motion was not verified.  Morris attached
a copy of his original answer to his motion.  However, the copy was not
file-marked.

Palo
Pinto County filed a verified answer to Morris=s
motion for new trial contending that Morris was notified of the setting date
and that the notice was not returned, denying all of Morris=s allegations, and
demanding strict proof of those allegations.  The trial court denied Morris=s motion for new trial.

In
his brief, Morris challenges the overruling of his motion for new trial and
argues that the trial court=s
Aabdication of
administrative function and responsibility to a private individual violates the
Equal Protection Clause@
and that the Aamount
of the judgment is incorrect and against the wrong party.@  In his rebuttal brief,
Morris challenges the statement that this is a no-answer default judgment. 
Morris never challenges that he was served with Palo Pinto=s petition.  Instead, he
argues that counsel for Palo Pinto County had no authority to send him notice
of the setting of the case, that he never received notice of the setting even
though notice was mailed to the same address where he had been served with the
petition, and that he filed an Aappropriate
answer.@  Morris
appears to be contending that the trial court must personally send notice of a
hearing to the parties and that either the answer he claims to have mailed on
December 29 or the answer he filed in conjunction with his motion for new trial
is Aappropriate.@  We note that neither
answer is timely pursuant to Tex. R.
Civ. P. 99.








We
review the trial court=s
actions on Morris=s
motion for new trial under an abuse of discretion standard of review.  In re
R.R., 209 S.W.3d 112, 114 (Tex. 2006); Director, State Employees Workers= Comp. Div. v. Evans,
889 S.W.2d 266, 268 (Tex. 1994).  It is well established in Texas that a motion
for new trial should be granted, and a default judgment set aside, when the
defendant establishes that his failure to answer before the judgment was signed
was due to accident or mistake and was neither intentional nor the result of
conscious indifference, when the defendant provides a meritorious defense in
his motion for new trial, and when the granting of the motion for new trial
will cause no delay or injury to the plaintiff.  In re R.R., 209 S.W.3d
at 114-15; Evans, 889 S.W.2d at 268; Old Republic Ins. Co. v. Scott,
873 S.W.2d 381, 382 (Tex. 1994); Craddock v. Sunshine Bus Lines, Inc.,
133 S.W.2d 124, 126 (Tex. 1939).  When the defendant establishes these factual
Craddock requirements in a proper motion for new trial and when his factual
allegations are not challenged, it is an abuse of discretion not to grant the
motion for new trial.  Evans, 889 S.W.2d at 268; Scott, 873
S.W.2d at 382.

Morris
has failed to establish the threshold of the Craddock requirements.  The
allegations in his motion for new trial were neither verified nor supported by
affidavits.  Palo Pinto County controverted Morris=s unsupported allegations in its verified
response.  Morris has failed to establish that the trial court abused its
discretion by overruling his motion for new trial.  See Scott, 873
S.W.2d at 382.  All of Morris=s
contentions on appeal have been considered, and each is overruled.

The
judgment of the trial court is affirmed.

 

PER CURIAM

 

October 23, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.