# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00732-CV

---

**John David Tyler Rollins, Appellant**

**v.**

**Arol James Horkavy, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-24-001995, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

John David Tyler Rollins appeals from the county court at law's final judgment in favor of Arol James Horkavy.[1]  The trial court signed the default judgment after Rollins failed to appear for trial.  For the following reasons, we affirm the county court at law's judgment.

## BACKGROUND

In December 2023, Horkavy filed a small claims case against Rollins in justice court, seeking damages in the amount of $20,000.[2]  Horkavy alleged that he had "engaged in a trading investment by entering into a contract and transferring $20,000" to Rollins; that Rollins's

---

[1]  As he did in the trial court, Rollins is acting pro se in this Court.  Although we construe pro se pleadings liberally, we hold pro se appellants to the same standards as those represented by counsel.  *See Crenshaw v. Thomas*, No. 03-21-00064-CV, 2022 Tex. App. LEXIS 4088, at \*1 n.1 (Tex. App.—Austin June 16, 2022, pet. denied) (mem. op.); *Housing Auth. of City of Austin v. Elbendary*, 581 S.W.3d 488, 491 n.1 (Tex. App.—Austin 2019, no pet.).

[2]  Horkavy also represented himself before the justice court but was represented by counsel before the county court at law and is represented by counsel before this Court.

latest report to Horkavy showed "a current value of $36,000" but that Rollins then "ceased communication"; that when Horkavy later confronted Rollins, he "admitted via email and via verbal recording that the funds had been depleted long before the latest update"; and that Rollins "refuses or is unable to provide trade history." Horkavy sought to have the $20,000 returned and a "log of the trading history to track what [Rollins] did with [his] money."

After attempts to serve Rollins in person were unsuccessful, the justice court authorized alternative service, and on January 22, 2024, a deputy constable served Rollins with a copy of the citation by first class mail and a copy attached to the front door of his residence. *See* Tex. R. Civ. P. 501.2(e) (providing alternative service of citation when other methods are insufficient). On March 11, 2024, the justice court held a trial via zoom. Rollins did not appear for the trial, and the justice court signed a default judgment against him in the amount of $20,000.

The following day, Rollins filed a motion to set aside the justice court's default judgment. He contended that he did not file an answer because he "was never physically served any papers," that he appeared for the trial at a different time on March 11, that he was provided with "erroneous login information to the zoom meeting," and that he had a "good defense." He also attached exhibits to his motion, including communications between the parties and a contract between Visual Prowess FX, LLC and Horkavy. Rollins signed the contract as the "Owner/CEO" of the company, and Horkavy signed the contract as "Investor." The contract reflects Horkavy's agreement to invest $20,000. In the communications, Rollins confirms receiving $20,000 from Horkavy but states that the money was immediately wired to a trading account and "eventually lost."

2

After the justice court denied his motion to set aside the default judgment, Rollins filed a notice of appeal to the county court at law with a statement of inability to afford the payment of court costs or an appeal bond. *See id.* R. 506.1(a) (stating that party may appeal judgment of justice court by filing statement of inability to afford payment of court costs). Horkavy contested Rollins's statement of inability to pay, and the justice court held a hearing on the contest in which both parties appeared. Following the hearing, the justice court granted Rollins's request to appeal by filing a statement of inability to afford payment of court costs.

The trial de novo in the county court at law was originally set for August 28, 2024, but moved to September 16, 2024. *See id.* R. 506.3 (explaining that "case must be tried de novo in the county court" and that "trial de novo is a new trial in which the entire case is presented as if there had been no previous trial"). The record reflects that Rollins was served with notices of the original trial setting and the subsequent amended notice resetting the trial to September 16. Rollins did not appear for trial,[3] and the county court at law signed the final judgment that is the subject of this appeal. The court found that Horkavy was entitled to a judgment against Rollins in the amount of $20,000; attorney's fees in the amount of $10,129; and post-judgment interest.

The following day, Rollins filed a motion to set aside the default judgment. He contended that he did not file an answer because he "mistakenly submitted" it to the district clerk and that he had a "meritorious (good) defense in this case," providing the following arguments in their entirety:

> [T]here is a reasonable defense to this case and I am seeking the court's consideration to be heard. The missed opportunity to seek remedy was unintentional, not due to neglect, but an inadvertent oversight. Equity, which

---

[3] The final judgment states that Rollins appeared in person for trial, but the parties agree he was not present at trial.

3

seeks to prevent injustice, should allow the defendant a fair chance to present their defense, especially where no malice or delay was intended. A new trial will not cause undue delay or prejudice to the other party, as no substantial harm or disruption to the proceedings will result from granting this opportunity to me. In keeping with the equitable maxim that "equity aids the vigilant, not those who slumber on their rights," I humbly request a fair chance to be heard so that both sides may achieve a just and proper resolution.

He, however, did not attach evidence to his motion or provide any other factual allegations.

Horkavy filed a response to the motion, arguing that Rollins's notice of appeal to the county court at law and statement of inability to afford payment of court costs or an appeal bond constituted an answer and appearance; that Rollins was served with notice of the trial setting; that he did not appear for trial; that his failure to appear for trial was the reason the judgment was granted, not that he had not filed an answer; and that he had failed to present a meritorious argument that the court should overturn its judgment. Horkavy supported his response with evidence showing that Rollins had generally appeared in the case and that he was served with notice of the trial settings.

The county court at law denied Rollins's motion to set aside the default judgment, and this appeal followed.

**ANALYSIS**

In four issues, Rollins argues that: (i) the trial court erred in entering a default judgment "without considering [his] defenses, violating his procedural rights under Texas law"; (ii) the parties' "contract, explicitly acknowledging the risk of financial loss, bars [Horkavy's] claims"; (iii) "the judgment should be vacated in light of [Horkavy's] bad faith conduct and harassment"; and (iv) Rollins's "financial hardships and the doctrine of impossibility warrant equitable relief."

4

"[A] default judgment should be set aside and a new trial granted when the defaulting party establishes that (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no delay or otherwise injure the plaintiff." *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009) (citing *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)). "We review a trial court's refusal to grant a motion for new trial for abuse of discretion." *Id.* at 926 (citing *Cliff v. Huggins*, 724 S.W.2d 778, 778 (Tex. 1987)). "When a defaulting party moving for new trial meets all three elements of the *Craddock* test, then a trial court abuses its discretion if it fails to grant a new trial." *Id.* (citing *Old Republic Ins. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994)).

In his motion to set aside the county court at law's default judgment, Rollins sought relief on the ground that he mistakenly submitted his answer to the wrong clerk, but he had made a general appearance in the underlying proceeding, did not dispute that he had received notice of the trial setting, and did not provide an explanation for why he did not appear for trial. *See Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004) (explaining that "party enters general appearance when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court" (citing *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998))); *see also Montgomery v. Chase Home Fin., L.L.C.*, No. 05-08-00888-CV, 2009 Tex. App. LEXIS 7020, at *3 (Tex. App.—Dallas Sept. 2, 2009, no pet.) (mem. op.) (explaining that appeal bond operates as answer and appearance in county court at law).[4] Thus, we conclude that

---

[4] Rollins made a general appearance by appearing at the hearing on his statement of inability to afford payment of court costs or an appeal bond and his filings including his motion

5

the trial court did not abuse its discretion by denying Rollins's motion because he did not establish the first element of the *Craddock* test. *See Dolgencorp of Tex.*, 288 S.W.3d at 925 (under first element of *Craddock*, requiring defaulting party to establish that his "failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake").[5]

Based on our review of the record, we also conclude that the trial court did not abuse its discretion by denying Rollins's motion to set aside the default judgment because Rollins did not establish the second element of the *Craddock* test. To set up a meritorious defense under the *Craddock* test, a motion must allege "facts which in law would constitute a defense to the plaintiff's cause of action" and must be "supported by affidavits or other evidence providing prima facie proof that the defendant has such a defense." *Id.* at 927–28; *see also Holt Atheron Indus., Inc. v. Heine*, 835 S.W.2d 80, 82 (Tex. 1992) (stating that "conclusory

---

to set aside the justice court's default judgment and notice of appeal to the country court at law. *See Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004); *see also Montgomery v. Chase Home Fin., L.L.C.*, No. 05-08-00888-CV, 2009 Tex. App. LEXIS 7020, at *3 (Tex. App.—Dallas Sept. 2, 2009, no pet.) (mem. op.). Thus, the county court at law's final judgment is a post-answer default judgment. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009) ("A post-answer default judgment occurs when a defendant who has answered fails to appear for trial." (citing *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979))); *see Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex. 1966) (extending *Craddock* to post-answer default judgments).

[5] On appeal, Rollins argues that he missed the trial "due to financial pressures, including an eviction notice where the landlord was expect[ing] [Rollins] to move out in just a few days following the hearing" and that "financial hardship and an eviction notice received on the same day overwhelmed [him], causing confusion about the hearing date." He, however, did not make these arguments to the county court at law in his motion to set aside the default judgment or present proof in support. *See* Tex. R. Civ. P. 324(b) (stating that "point in a motion for new trial is a prerequisite" to complaint of trial court's failure to set aside judgment by default); *Intras, LLC v. Core 3 Techs., LLC*, No. 05-17-00832-CV, 2018 Tex. App. LEXIS 5310, at *3 (Tex. App.—Dallas July 12, 2018, no pet.) (mem. op.) (requiring proof of justification for failure to appear at trial to satisfy first element of *Craddock*).

allegations are insufficient" to satisfy *Craddock* test). Rollins's motion did neither. He did not provide specific factual allegations or evidence to the county court at law to support his statement that there was a "reasonable defense to this case."[6]

Finally, to the extent that Rollins's issues on appeal were not raised in his motion to set aside the default judgment in the county court at law or rely on evidence that was not before the county court at law when it made its ruling, we may not consider these arguments or evidence in this appeal.[7] *See* Tex. R. Civ. P. 324(b) (stating that "point in a motion for new trial is a prerequisite" to complaint of trial court's failure to set aside judgment by default); *Cisneros v. Regalado Family L.P.*, No. 13-10-00089-CV, 2011 Tex. App. LEXIS 6070, at *7 (Tex. App.—Corpus Christi–Edinburg Aug. 4, 2011, no pet.) (mem. op.) (holding that because appellant did not timely request hearing and did not support motion for new trial with affidavits or other evidence by which trial court could determine if appellant met *Craddock* test, trial court did not abuse its discretion in denying appellant's motion for new trial).[8]

---

[6] For example, Rollins did not refer the county court at law to the exhibits that he submitted to the justice court when he sought to set aside the justice court's judgment or make arguments based on those exhibits in his motion to the county court at law. *See* Tex. R. Civ. P. 506.3 (explaining that trial de novo is new trial in which entire case is presented as if there had been no previous trial).

[7] Rollins does not raise a sufficiency challenge on appeal. *See In re Marriage of Williams*, 646 S.W.3d 542, 544–45 (Tex. 2022) (explaining that failure to file a motion for new trial under *Craddock* does not foreclose evidentiary challenge to default judgment on appeal).

[8] For example, we may not consider the exhibits attached to Rollins's appellant's brief that are not in the appellate record. *See Hammer v. Hammer*, No. 03-18-00715-CV, 2021 Tex. App. LEXIS 3740, at *4–5 (Tex. App.—Austin May 13, 2021, no pet.) (mem. op.) (explaining that appellate court's review of record is limited to appellate record provided and that appellate court generally considers only facts and documents that were before trial court when it made its ruling); *see also* Tex. R. App. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record.").

On this record, we cannot conclude that the county court at law abused its discretion in denying Rollins's motion to set aside the default judgment. *See Dolgencorp of Tex.*, 288 S.W.3d at 926. Thus, we overrule his issues and affirm the county court at law's final judgment.

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Theofanis, and Crump

Affirmed

Filed:   May 30, 2025

8