**J.H. WALKER TRUCKING, Appellant,**

v.

**ALLEN LUND COMPANY, INCORPORATED,**
**Appellee.**

**No. 01–91–00688–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 25, 1992.

Will G. Dickey, Megan Gabel, Houston, for appellant.

James N. Hull, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and DUNN and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

J.H. Walker Trucking (Walker) appeals from a post-answer default judgment rendered against it in favor of Allen Lund Company, Incorporated (Lund). We reverse and remand.

■ The rule for setting aside a default judgment was announced in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939):

> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*See also State Farm Life Ins. Co. v. Mosharaf*, 794 S.W.2d 578, 582 (Tex.App.–Houston [1st Dist.] 1990, writ denied). This test applies to post-answer default judgments. *Lopez v. Lopez*, 757 S.W.2d 721, 722 (Tex. 1988); *Blake v. Blake*, 725 S.W.2d 797, 800 (Tex.App.–Houston [1st Dist.] 1987, no writ). It is an abuse of discretion to deny a defaulting defendant a new trial when the *Craddock* test has been met. *Id.*

■ We first consider whether Walker's failure to appear at trial was due to a mistake or an accident or was instead the result of conscious indifference. *Craddock* and its progeny have not established a set test for use in making this determination. *Mosharaf*, 794 S.W.2d at 582. However, "it is clear that courts have applied this prong liberally, and that each case depends on its own facts." *Id.* (quoting *Gotcher v. Barnett*, 757 S.W.2d 398, 401 (Tex.App.– Houston [14th Dist.] 1988, no writ)).

That the defendant was free from negligence in defaulting is not a prerequisite for the setting aside of a default judgment. *Ferguson & Co. v. Roll*, 776 S.W.2d 692, 697 (Tex.App.–Dallas 1989, no writ). Only a slight excuse is required. *Beard v. McKinney*, 456 S.W.2d 451, 453 (Tex.Civ. App.–Houston [1st Dist.] 1970, no writ).

■ The record indicates the following: In August of 1989, while this lawsuit was ongoing, Walker's attorney moved his offices from one Houston location to another. He instructed his legal assistant to inform each attorney, each court, and each clerk of court in which he had a case pending of his new address. News of his relocation, however, either did not reach the court in which this case was pending or reached the court but was not recorded.

On May 15, 1991, the case was called to trial. When Walker did not appear, a default judgment was entered against it in favor of Lund.

Walker moved for a new trial. It produced proof that its attorney never received notice of the May 15 trial setting. A letter dated March 4, 1991, and sent to Walker's counsel informing him of the May 15 trial setting was returned with the notation "forwarding order expired." The forwarding order for Walker's counsel's business mail had expired before the March 4, 1991, letter was sent.

Under the circumstances, we hold that Walker had at least a "slight excuse" for failing to appear at trial. Walker proved that its failure to appear was due to a

mistake or an accident, and was not the result of conscious indifference on its part. Walker met the first *Craddock* requirement.

■ The second *Craddock* requirement is that the defaulting defendant assert a meritorious defense in its motion for new trial. However, where the record establishes that the defendant had no actual or constructive notice of the trial setting, this requirement need not be met. *Lopez,* 757 S.W.2d at 723. That is the case here. It would violate Walker's due process rights under the Fourteenth Amendment to the federal constitution to require it to show a meritorious defense. *Id.* Therefore we dispense with the second *Craddock* requirement.

■ We next look to whether Walker demonstrated that its motion for new trial was filed at a time when the granting thereof would occasion no delay or otherwise injure the plaintiff, Lund. We should answer two "key questions" here: first, whether Walker offered to reimburse Lund for its costs in obtaining the default judgment, and second, whether Walker is "ready, willing, and able" to go to trial. *Mosharaf,* 794 S.W.2d at 585. *See also Angelo v. Champion Restaurant Equip. Co.,* 713 S.W.2d 96, 98 (Tex.1986).

The record clearly demonstrates that both of these questions are answered in the affirmative. Walker's counsel offered to pay Lund's costs associated with securing the default judgment and stated that he was ready for an immediate trial on the merits. The burden then shifted to Lund to come forward with some proof of injury. *Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex. 1987); *Mosharaf,* 794 S.W.2d at 585. Lund was required to come forward with evidence that it would be in a worse position if a new trial was granted that it would have been in had Walker appeared for trial. *Id.* at 585–86. This it did not do. Walker met the third *Craddock* requirement.

We hold that Walker met all of the applicable *Craddock* requirements for the setting aside of a default judgment, and that the trial court abused its discretion in overruling Walker's motion for new trial. *See Id.* We reverse and remand the case for a trial on the merits.