**Serena D. JEFFERSON, Appellant,**

**v.**

**AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., Appellee.**

**No. 01–90–01138–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 8, 1992.

Serena D. Jefferson, pro se.

James T. Fletcher, George T. Clevenger, Houston, for appellee.

Before SAM BASS and COHEN, JJ.

## ORDER

PER CURIAM.

Appellee (Amex) sued Jefferson for a credit card debt of $1,757.55. Attorney Tommy O. Boston filed a general denial on Jefferson's behalf.

Two and one-half years later, on July 6, 1990, Amex moved for summary judgment. Neither Jefferson nor attorney Boston responded. On August 17, 1990, the trial judge signed the summary judgment and awarded damages of $1,757.55, plus interest and attorney's fees. Notice of the judgment was sent to Tommy O. Boston. Amex then notified Jefferson of the judg-

ment by letter, which Jefferson received October 9, 1990.

On October 16, 1990, 60 days after the judgment was signed, Jefferson filed a motion for new trial. In her supporting affidavit, Jefferson admitted receiving citation, but asserted she never received notice of either the motion for summary judgment or the judgment itself, until receiving Amex's letter on October 9, 1990. Amex responded by showing notice of both the motion for summary judgment and the signed judgment had been sent to the attorney of record, Tommy O. Boston. Jefferson, in her response to Amex's opposition, swore she had never retained or been counseled by Tommy O. Boston, never before seen or consented to the answer filed on her behalf, and any actions taken by Boston were of his own volition or fraudulently acting in concert with others.

The motion for new trial was presented for disposition on October 31, 1990. No record of the hearing was made, yet Jefferson makes unchallenged statements in her brief that although she asked to argue the motion orally, introduce evidence, and make a record of the hearing, Judge Hobson refused the requests and dismissed the motion without a hearing. We accept these statements as true. TEX.R.APP.P. 74(f). Apparently, because Boston's name appeared as attorney of record, Judge Hobson refused to hear any evidence that Boston was never authorized to represent Jefferson.

Appellant now appeals the denial of the motion for new trial. In three points of error, appellant claims the trial judge erred by 1) refusing to hold a hearing on the motion for new trial and refusing to allow appellant to present evidence she never consented to representation by attorney Tommy O. Boston, 2) finding appellant was represented by counsel at trial, and 3) finding appellant received notice, through attorney Boston, of the final judgment.

Amex filed a motion to dismiss, contending we do not have jurisdiction because appellant did not timely perfect her appeal. Amex contends the trial judge lacked jurisdiction to hold a hearing because appellant received proper notice of the judgment through her attorney of record and then allowed 60 days to pass before filing her motion for new trial.

## JURISDICTION

Amex argues we have no jurisdiction because the judgment was signed on August 17, 1990, and Jefferson did not file her motion for new trial until October 16, 1990, 60 days later.

The trial court maintains plenary power for 30 days after the judgment is signed. TEX.R.CIV.P. 329b(d) & (e); *Jackson v. Van Winkle*, 660 S.W.2d 807, 808 (Tex.1983). "On expiration of time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause." TEX.R.CIV.P. 329b(f); *Sanders v. Jefferson*, 599 S.W.2d 663, 664 (Tex.Civ. App.—Texarkana 1980, writ dismissed). An order overruling a late-filed motion for a new trial cannot be the basis of appellate review, and the court of appeals has no jurisdiction to consider the late-filed motion. *St. Paul Ins. Co. v. Rahn*, 586 S.W.2d 701, 702–703 (Tex.Civ.App.—Corpus Christi 1979, no writ). Thus, Amex claims we should dismiss. We disagree.

Under TEX.R.CIV.P. 306a(4) & (5), the trial court maintained plenary power to set aside the judgment and order a new trial. The rules provide that when the party does not receive notice within 20 days after the judgment, the time for filing a motion for new trial begins when the movant gets notice, but in no event more than 90 days after the judgment. The movant must prove, on sworn motion and notice, the date when she or her attorney first received notice of the judgment, and that this date was more than 20 days after the judgment was signed. TEX.R.CIV.P. 306a(4) & (5); *see also Memorial Hosp. of Galveston v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987); *Corro v. Southwestern Bell Media, Inc.*, 784 S.W.2d 471, 473 (Tex.App.—Corpus Christi 1989, no writ). "Compliance with the time periods prescribed by these rules is a jurisdictional pre-requisite. Un-

less a party establishes in the manner prescribed by the rule that she had no notice of the judgment, the general rule prevails: a trial court's power to reinstate a cause after dismissal expires 30 days after order of dismissal is signed." *Memorial Hosp.*, 741 S.W.2d at 365.

In the present case, Amex claims notice of the judgment was sent to appellant via the attorney of record, Tommy O. Boston. However, appellant claims that since Boston was not her attorney, she did not receive actual notice of the signed judgment until she received notice by letter from Amex on October 9, 1990. She then filed her motion for new trial on October 16, 1990, seven days later.

 Consequently, whether we have jurisdiction depends upon whether appellant was represented by Boston. If Boston *was* appellant's attorney, notice to him equals notice to appellant, and appellant would not be afforded the extension protection of the rules. *See* Tex.R.Civ.P. 306a(4) & (5). In that case, we would not have jurisdiction. However, if Boston was *not* appellant's attorney and she first received notice through the Amex letter, she filed her motion for new trial within the time extension granted by the rules. Tex.R.Civ.P. 306a(4) & (5). As such, the trial court still maintained plenary power, and we also have jurisdiction. Thus the vital and contested issue is whether Boston was authorized to represent appellant. Appellee argues that because Jefferson failed to convince the trial judge that Boston's appearance was unauthorized, Jefferson should lose here as well. This argument fails because appellant never had a chance to present her evidence. She was entitled to do so, and the trial judge erred by refusing to hear evidence on the motion for new trial. *Hensley v. Salinas*, 583 S.W.2d 617, 618 (Tex.1979). We hold that the trial court had jurisdiction to hear the motion for new trial and we have jurisdiction to hear this appeal.

Appellee's motion to dismiss is overruled. The appeal is abated and the cause is remanded to the county court with instructions to conduct an evidentiary hearing,

rule on appellant's motion for new trial, and forward the record of those proceedings to this Court. If the trial judge grants the motion, we will dismiss the appeal. If she denies it, appellant may file any further brief she deems necessary within 30 days after the record of that hearing is filed in this Court. Appellee's reply brief, if any, will be due 25 days after appellant's supplemental brief is filed. The statement of facts of the hearing on the motion for new trial shall be filed in this Court nor later than 75 days from the date of this order.