Opinion issued October 5, 2006




 








  




                     
In The
Court of Appeals
For The
First District of Texas




NO. 01–05-01161-CV




LUCAS MARTINEZ GARCIA, Appellant

V.

LETICIA MARIA VERA, Appellee




On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 2005-13159




MEMORANDUM OPINION



          The underlying action is brought by appellee Leticia Maria Vera, mother to
minor child G.C.G., against appellant Lucas Martinez Garcia to establish paternity,
conservatorship, and child support. After Garcia failed to answer and failed to appear
at trial, the trial court rendered a default judgment against him. Subsequently, the
trial court denied Garcia’s motion for new trial, and this appeal ensued.
          In a single issue, Garcia contends that the trial court erred in denying his
motion for new trial.
          We reverse and remand.
Background
          On February 25, 2005, Vera filed a suit affecting the parent-child relationship
(“SAPCR”) against Garcia, but did not request service of process at that time. On
July 1, 2005, Vera amended her petition and requested service of process. Garcia did
not file an answer. On August 24, 2005, after finding that Vera had appeared for trial
and that Garcia failed to appear, although “duly and properly cited,” the trial court
rendered a default judgment against Garcia. The trial court adjudicated Garcia to be
the father, established joint managing conservatorship, and ordered Garcia to pay
child support.
          Garcia states that, on Thursday, September 22 and Friday, September 23, 2005,
he attempted to file a motion for new trial but was unable to file the motion because
the Harris County courthouse was closed as a result of a mandatory evacuation order
issued by Houston Mayor Bill White in preparation for Hurricane Rita.


 When the
Harris County courthouse reopened, on Monday, September 26, Garcia filed his
motion for new trial. 
          Appended to Garcia’s motion was the verification of his attorney, John C.
Osborne, in which he attested that Garcia’s “failure to appear should be excused”
because
[Garcia’s] failure to file an answer was not intentional and was not the
result of conscious indifference or neglect but rather clerical error.
[Garcia’s] attorney’s secretary mistakenly calendared the response date.
. . . [Garcia] has a meritorious defense or position in this matter. The
best interest of the child would not be served if the Default Judgment is
not set aside, as the issues of conservatorship and support would have
been decided without the input of [Garcia]. . . . Granting [Garcia’s]
request will cause neither delay nor injury to [Vera].
 
          On October 17, 2005, after a hearing, the trial court apparently made findings
in favor of Garcia, but denied Garcia’s motion for new trial, as follows, in pertinent
part:
the Court considered [Garcia’s] Motion for a New Trial, the response
thereto, and the evidence adduced at the hearing, and enters the
following findings:
                    1.       [Garcia] did not have notice of the hearing at which the
default entered. [sic]
                    2.       [Garcia’s] failure to appear is excused for good cause
shown.
IT IS ORDERED THAT [Garcia’s] Motion for New Trial is denied
based on the findings herein and in the interest of justice.Garcia states that the trial court denied his motion for new trial because it “had lost
plenary power to grant a new trial.” It is from this order that Garcia appeals. Jurisdiction

          As a preliminary matter, as Vera contends, we must determine the jurisdiction
of the trial court, as well as our own. See Tex. Ass’n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 443–45 (Tex. 1993); Walker Sand, Inc. v. Baytown Asphalt
Materials, Ltd., 95 S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

          The parties do not dispute that Garcia filed his motion for new trial later than
30 days after the date the judgment was signed. A trial court’s order overruling a late
motion for new trial ordinarily deprives an appellate court of jurisdiction to consider
the late motion. See Tex. R. Civ. P. 329b; Moritz v. Price, 121 S.W.3d 715, 720 (Tex.
2003); Jefferson v. Amer. Exp. Travel Related Servs. Co., 838 S.W.2d 335, 336 (Tex.
App.—Houston [1st Dist.] 1992, no writ). Whether a court has jurisdiction is a
question of law, thus we review the issue de novo. Alpert v. Crain, Caton & James,
P.C., 178 S.W.3d 398, 409 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). We
determine if Garcia’s motion was timely filed. 

          A trial court retains jurisdiction over a case for a minimum of 30 days after it
signs a final judgment. Tex. R. Civ. P. 329b(d); Lane Bank Equip. Co. v. Smith
Southern Equip., Inc., 10 S.W.3d 308, 310 (Tex. 2000); Alpert, 178 S.W.3d at 409. 
Accordingly, a motion for a new trial must be filed within 30 days after the date the
judgment is signed. Tex. R. Civ. P. 329b(a). The 30-day period does not include the
day of the default and, if the last day of the period falls on a Saturday, Sunday, or
legal holiday, the 30th day falls on the next day that is not a Saturday, Sunday, or
legal holiday. Tex. R. Civ. P. 4. The Texas Supreme Court has held that a “‘legal
holiday,’ as used in Rule 4, Tex. R. Civ. P., includes a day . . . on which the clerk’s
office for the court in which the case is pending is officially closed.” Miller Brewing
Co. v. Villarreal, 829 S.W.2d 770, 772 (Tex. 1992). 

          Here, the default judgment was signed on August 24, 2005 and thus Garcia had
30 days, which normally would have fallen on Friday, September 23, 2005, to file his
motion for new trial. See Tex. R. Civ. P. 329b(a). Construing his brief liberally as we
must,


 Garcia seems to contend that the closing of the courthouse on September 23,
because of mandatory hurricane evacuations, necessarily extended the deadline to file
his motion. Vera contends that, because there was not a reporter’s record filed in this
appeal, the record does not support Garcia’s contention that he attempted to file his
motion and that he could not because of a hurricane-related closure of the courthouse. 

          A reporter’s record, however, is not necessary for our determination of this
point. If the courthouse was closed for business as to all on Friday, September 23,
then any filings due on that day, for anyone, necessarily became due on the next
regular business day, and this is not predicated on one having made an attempt to file
while the clerk’s office was closed. See Villarreal, 829 S.W.2d at 772. 

          We take judicial notice that the district clerk’s office was closed on September
23, 2005 because the Harris County District Clerk has verified that the district clerk’s
office was closed on that date. See Tex. R. Evid. 201(b) (providing that “[a] court
may take judicial notice, whether requested or not” of an adjudicative fact that is “not
subject to reasonable dispute in that it is either (1) generally known within the
territorial jurisdiction of the trial court or (2) capable of accurate and ready
determination by resort to sources whose accuracy cannot be questioned”). Because
the courthouse was “officially closed” on September 23, the thirtieth day then fell on
the next day that was not a Saturday, Sunday, or legal holiday; here, on Monday,
September 26, 2005. See Tex. R. Civ. P. 4; Villarreal, 829 S.W.2d at 772. Hence,
we conclude that Garcia’s motion, filed on September 26, was timely. 

          We hold that the trial court had plenary power to consider the merits of the
Garcia’s motion for new trial and that we have jurisdiction to hear Garcia’s appeal.
See Moritz, 121 S.W.3d at 720; Jefferson, 838 S.W.2d at 336.Motion for New TrialGarcia contends that the trial court erred in denying his motion for new trial on
the merits because he satisfied the requirements of Craddock v. Sunshine Bus. Lines,
133 S.W.2d 124, 126 (Tex. 1939); namely, because his failure to appear was due to
a mistake, his motion set up a meritorious defense, and the granting of a new trial will
not prejudice Vera.




A.      Standard of Review

          We review the trial court’s decision to overrule a motion for new trial under an
abuse of discretion standard. Old Republic Ins. Co. v. Scott, 873 S.W.2d 381, 382
(Tex. 1994); Cont’l Cas. Co. v. Hartford Ins., 74 S.W.3d 432, 434–35 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). A trial court abuses its discretion if it acts
in an arbitrary or unreasonable manner, or if it acts without reference to any guiding
rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42
(Tex. 1985).

B.      Analysis 

          A trial court’s ruling on a motion for new trial following a default judgment is
guided by the factors set out in Craddock. 133 S.W.2d at 126. Under Craddock, a
default judgment should be set aside and a new trial granted when the defaulting
defendant (1) shows that his failure to appear was not intentional or the result of
conscious indifference, but was due to an accident or mistake; (2) sets up a
meritorious defense; and (3) shows that a new trial would cause neither delay nor
work an injury to the plaintiff. Mathis v. Lockwood, 166 S.W.3d 743, 744 (Tex.
2005); Mahand v. Delaney, 60 S.W.3d 371, 373 (Tex. App.—Houston [1st Dist.]
2001, no pet.); see also Lopez v.Lopez, 757 S.W.2d 721, 722 (Tex. 1988) (explaining
that Craddock applies in both no-answer and post-answer defaults). 

          Texas courts apply Craddock in SAPCR proceedings; however, the factors are
generally applied very liberally to the facts of each case. Comanche Nation v. Fox,
128 S.W.3d 745, 750 (Tex. App.—Austin 2004, no pet.) (concluding that Craddock
does not fit well into context of considering the best interest of the child but applying
Craddock, liberally, because the Texas Supreme Court “has not outlined a more
fitting test for SAPCR proceedings”); Martinez v. Martinez, 157 S.W.3d 467, 469–70
(Tex. App.—Houston [14th Dist.] 2004, no pet.) (expressing “discomfort” with 
application of Craddock to SAPCR proceedings, but doing so liberally); Lowe v.
Lowe, 971 S.W.2d 720, 723 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)
(applying factors in divorce proceeding); Sexton v. Sexton, 737 S.W.2d 131, 133
(Tex. App.—San Antonio 1987, no writ) (explaining that Craddock should not be
strictly applied in SAPCR proceedings); Little v. Little, 705 S.W.2d 153, 154 (Tex.
App.—Dallas 1985, pet. dism’d) (holding that best interest of the child overrides
strict application of Craddock factors). 

          Here, the first prong of Craddock is satisfied if Garcia’s motion and supporting
affidavit “set forth facts that, if true, would negate intent or conscious indifference”
and the excuse is not controverted. See Old Republic Ins. Co., 873 S.W.2d at 382. 
In his motion for new trial, Garcia asserts that his failure to file an answer and to
appear was the result of a mistake and not due to conscious indifference. See
Craddock, 133 S.W.2d at 126. To support his motion, Garcia appended the
verification of his attorney, Osborne, in which Osborne asserted that his secretary
made a mistake in calendaring the date of the proceeding. We need not evaluate the
veracity of this excuse; rather, only a “slight excuse” is required. See id.; J.H.
Trucking v. Allen Lund Co., 832 S.W.2d 454, 455–56 (Tex. App.—Houston [1st
Dist.] 1992, no writ); see Comanche Nation, 128 S.W.3d at 750 (requiring that “a
defaulting party must provide some excuse, though not necessarily a good excuse, for
failing to timely file an answer or appear”). Garcia has provided an excuse, and Vera
did not factually controvert this excuse in the record. See Fid. and Guar. Ins. Co. v.
Drewery Constr. Co., 186 S.W.3d 571, 575 (Tex. 2006); Old Republic Ins. Co., 873
S.W.2d at 382. Liberally construing Craddock in this SAPCR, we conclude that
Garcia presented at least a “slight excuse” for failing to appear at trial, which Vera
failed to factually controvert. Hence, we conclude that Garcia met the first prong of
Craddock. See Old Republic Ins. Co., 873 S.W.2d at 382 (explaining that it is well-settled that defendant satisfies his burden if plaintiff fails to controvert defendant’s
factual assertions).

          As to the second prong of Craddock, Vera contends that Garcia has failed to
show that he has a meritorious defense. However, we need not consider whether
Garcia has met his burden to set up a meritorious defense because both the Texas
Supreme Court and this Court have held that when a defaulting defendant shows that
he was not given notice of a trial setting, the party is relieved of his burden to meet
the second prong of Craddock, which ordinarily requires the showing of a meritorious
defense. Mathis, 166 S.W.3d at 744 (citing Lopez, 757 S.W.2d at 723); Mahand, 60
S.W.3d at 375; J.H. Trucking, 832 S.W.2d at 456. Here, Garcia alleges in his motion
for new trial that he did not receive notice of the hearing. In addition, the supporting
verification of Osborne attests that Garcia did not receive notice of the hearing. 
Further, the trial court’s order states that it found that Garcia “did not have notice of
the hearing at which the default [was] entered.” We conclude that Garcia need not
show the second prong of Craddock. 

          Similarly, we need not consider whether Garcia met his burden under the third
prong of Craddock, because this Court has, in cases in which a party did not receive
notice of a trial setting, as here, also dispensed with the burden to show that a motion
for new trial would not cause delay or injury to the plaintiff. See Mahand, 60 S.W.3d
at 375 (explaining that “there is no logical or jurisprudential reason not to apply the
same due process analysis to both the second and third prongs” of Craddock).

          We conclude that Garcia met the requirements of Craddock. When these
requirements have been met, the trial court abuses its discretion if it denies a
defaulting defendant a new trial. J.H. Trucking, 832 S.W.2d at 455. 

          We sustain Garcia’s sole issue.

 
 
 
 
 
 
 
Conclusion

          We conclude that Garcia’s motion for new trial and the attached,
uncontroverted verification satisfy the requirements of Craddock. Thus, the trial
court’s denial of Garcia’s motion for new trial constituted an abuse of discretion. 
Accordingly, we reverse the judgment of the trial court and remand for a new trial.





 

                                                                        Laura Carter Higley

                                                                        Justice



Panel consists of Justices Nuchia, Jennings, and Higley.