**Reversed and Remanded, and Opinion Filed June 7, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00282-CV**

**TIBURCIO CARILLO AND MARISOL QUINTANILLA, Appellants**
**V.**
**JUAN ZARAGOZA, Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-02017-B**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Smith
Opinion by Justice Partida-Kipness

The trial court granted a post-answer default judgment against Appellants Tiburcio Carillo and Marisol Quintanilla (together, Carrillo) after they failed to appear at trial. The trial court denied Carrillo's motion for new trial. In a single issue on appeal, Carrillo asserts the trial court abused its discretion by denying the motion for new trial because Carrillo did not receive notice of the trial setting. Based on our review of the record, we agree. We reverse and remand the case for a new trial.

# BACKGROUND

Appellee Juan Zaragoza filed suit against Carrillo in 2019. Zaragoza claimed in 2015 he entered into a verbal agreement to rent a piece of land and the mobile home thereon to Carrillo, but Carrillo failed to pay rent on numerous occasions. Zaragoza brought claims for breach of contract and conversion and sought possession of the property, damages, and attorney's fees. Carrillo answered, generally denying Zaragoza's claims. Carrillo also asserted counterclaims for breach of contract and fraud and sought specific performance of the contract, damages, and attorney's fees. Carrillo contended the 2015 agreement was for the purchase of the property rather than a rental agreement.

The case was set for a jury trial and rescheduled on several occasions from 2019 onward, with delays due in part to the COVID-19 pandemic. Around July 26, 2022, Carrillo's attorney Craig Hubble received an email from the court coordinator informing the parties they did not need to appear for a trial setting the following week and notice regarding a new trial date would be forthcoming. On September 26, 2022, the court sent a notice setting trial for December 8, 2022.

However, Carrillo and attorney Hubble did not appear at the December 8th trial. Zaragoza and his attorney appeared and presented evidence. On December 21, 2012, the trial court entered judgment awarding Zaragoza possession of the property and finding Carrillo in breach of the contract. The court also awarded Zaragoza $53,800.00 in damages, attorney's fees, pre- and post-judgment interest, and costs.

The court denied Carrillo's counterclaims. The clerk issued a writ of possession, which a constable executed on January 19, 2023 by delivering the property to Zaragoza.

Carrillo—through Hubble—became aware of the December 21st judgment in January 2023 and timely filed a motion for new trial. In the motion, Carrillo asserted he did not receive notice of the December 8th trial setting and therefore Carrillo's failure to appear was not intentional or the result of conscious indifference, but instead due to a mistake or accident. In support of the motion, Carrillo attached affidavits from Hubble, Hubble's office assistant, Hubble's legal assistant, and co-defendant Quintanilla. Zaragoza filed a response but did not submit any evidence to controvert Carrillo's motion or affidavits.

The trial court held a hearing on the motion. The court heard argument, but no testimony or other evidence was offered by the parties. The trial court subsequently denied Carrillo's motion for new trial.

## STANDARD OF REVIEW

Generally, a motion for new trial is addressed to the trial court's discretion and the court's ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994) (citing *Cliff v. Huggins*, 724 S.W.2d 778, 778-79 (Tex. 1987)).

However, a trial court abuses its discretion by not granting a new trial when the elements of the *Craddock*[1] test are met. *Evans*, 889 S.W.2d at 268.

## ANALYSIS

In a single issue, Carrillo asserts the trial court abused its discretion by denying the motion for new trial which met the *Craddock* requirements. After reviewing the record, we agree.[2]

## I.     Post-answer Default Judgments

A post-answer default judgment occurs when a defendant who has answered fails to appear for trial. *Dolgencorp of Texas, Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009). The *Craddock* analysis applies to post-answer default judgments. *Id.* at 926 (citing *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex. 1966)). A default judgment should be set aside, and a new trial granted when the defaulting party establishes: (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) granting the motion will occasion no delay or otherwise injure the plaintiff. *Id.* at 925 (citing *Craddock*, 133 S.W.2d at 126).

When the first *Craddock* element is established by proof the defaulted party did not have actual or constructive notice of a trial setting, courts have dispensed with the second and third elements for constitutional reasons. *Lopez v. Lopez*, 757

---

[1]     *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. [Comm'n Op.] 1939).

[2]     Zaragoza did not file a brief in this Court.

–4–

S.W.2d 721, 723 (Tex. 1988) (dispensing with meritorious defense requirement) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 108 S. Ct. 896, 99 L. Ed. 2d 75 (1988)); *Patel v. Biz Friend, LLC*, No. 05-20-00541-CV, 2022 WL 3210142, at *2 (Tex. App.—Dallas Aug. 9, 2022, no pet.) (mem. op.) (citing *Mabon Ltd. v. Afri-Carib Enter., Inc.*, 369 S.W.3d 809, 813 (Tex. 2012) (per curiam)); *see also Mosser v. Plano Three Venture*, 893 S.W.2d 8, 12 (Tex. App.—Dallas 1994, no writ) (a party who, through no fault of its own, does not receive notice of a hearing cannot be accused of intentional failure to appear or conscious indifference, or have its due process rights overcome by considerations of inconvenience or injury to the other party).

Here, Carrillo asserted his failure to appear was not intentional or the result of conscious indifference but was instead the result of a mistake or accident because he did not receive notice of the trial setting. If true, Carrillo was not required to set up a meritorious defense or show that granting a new trial would occasion no delay or otherwise injure Zaragoza. Accordingly, we need only analyze whether Carrillo's failure to appear was a mistake or accident or instead intentional or the result of conscious indifference, a subject to which we now turn.

## II. Accident/Mistake or Intentional Conduct/Conscious Indifference

A defendant satisfies its burden as to the first *Craddock* element when its factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff.

*Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012) (citing *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (per curiam)). Consciously indifferent conduct occurs when "the defendant knew it was sued but did not care." *Id.* (quoting *Fidelity & Guaranty Insurance Co. v. Drewery Construction Co.*, 186 S.W.3d 571, 576 (Tex. 2006)). Some excuse, even a slight or not very good excuse, for failing to file an answer or appear is sufficient to set aside a default judgment. *Id.*; *Herrera v. Wembley Inv. Co.*, No. 05-96-00446-CV, 2000 WL 1100872, at *4 (Tex. App.—Dallas Aug. 8, 2000, pet. denied) (not designated for publication) (citing *Ferguson & Co. v. Roll*, 776 S.W.2d 692, 695 (Tex. App.—Dallas 1989, no writ)). Mere negligence will not preclude setting aside a default judgment. *Ivy*, 407 S.W.2d at 213.

"In determining whether the failure to appear was due to intentional disregard or conscious indifference we must look to the knowledge and acts of the defendant." *Evans*, 889 S.W.2d at 269 (quoting *Strackbein v. Prewitt*, 671 S.W.2d 37, 39 (Tex. 1984)). In determining if the defendant's factual assertions are controverted, the court looks to all the evidence in the record. *Id.*

In the absence of controverting evidence that the failure to appear was due to its intentional act or conscious indifference, the movant's affidavits should, for the purpose of establishing lack of conscious indifference, be taken as true. *Id.* If the motion and affidavits meet the requirements of *Craddock*, a new trial should be granted. *Id* at 268.

## III. Application of the Law to the Facts

In the motion for new trial, Carrillo asserted the failure to appear for trial on December 8, 2022 was not intentional or the result of conscious indifference but due to an accident or mistake. Carrillo asserted he did not receive notice of the December 8th trial setting. In support of the motion, Carrillo attached affidavits from (1) Craig Hubble (Carrillo's attorney); (2) Mary Griggs (Hubble's office assistant during the relevant timeframe); (3) Laura West (Hubble's legal assistant and office manager); and (4) Marisol Quintanilla (co-defendant).

In his affidavit, Hubble declared he was the attorney for Carrillo since the case was filed in 2019 and had received several trial date notices throughout the history of the case leading up to July 26, 2022. Hubble declared he received an email on July 26, 2022 from the court coordinator, indicating the parties were not required to appear for the trial set the following week and that further notice of a new setting would be forthcoming. Hubble then states he did not receive any other communication from the court or opposing counsel that trial was set for December 8, 2022. Hubble also declared that around July 15, 2022, he relocated his office from Arlington to his home in Fort Worth. Hubble indicated that during this time and after, he continued to receive mail at the Arlington office and would pick it up routinely or have it sent to him by the office assistant, Mary Griggs. Hubble stated he never received any notice from the court the case was set for December 8th. Finally, Hubble declared the failure to appear for trial on December 8, 2022 was not

intentional or the result of conscious indifference, but due to some unknown mistake or accident in not receiving notice of the setting.

In her affidavit, Mary Griggs declared she was a receptionist and general office assistant at the Arlington office for two attorneys, including Hubble, from 2009 until around August 1, 2022. Her duties included distributing incoming mail to Hubble, and that after Hubble relocated to his Fort Worth home, Hubble continued to receive mail at the Arlington office. Griggs retained this mail at her desk, and Hubble would occasionally pick it up. Every week or two, Griggs would mail Hubble any mail items he had not picked up. Giggs stated she never threw away or otherwise disposed of any mail addressed to Hubble.

By affidavit, Laura West stated she was the full-time legal assistant and office manager for Hubble from August 1998 until May 2022. West declared she electronically filed the original answer and counterclaims for Carrillo. She stated that up until the date she ceased employment for Hubble, the office had received notice of all deadlines and settings from the court, including two prior trial settings. West declared she never saw any notice the case was set for trial December 8, 2022. West further stated she recently reviewed the court electronic filing system and noticed the defendants were shown as "unrepresented," despite that West routinely set new cases to reflect clients represented by Hubble. West did not know why it was not done in this case, or if it was, how it was changed. West further declared any such failure was not intentional or the result of conscious indifference, but due to an

accident or mistake. West declared this may have been the reason Hubble did not receive electronic notice of the trial setting. Finally, West stated in the twenty-plus years she worked for Hubble, he never failed to appear for any trial of which he had notice.

In her affidavit, Quintanilla declared she had received several trial date notices from Hubble throughout the history of the case, up until July 26, 2022. Quintanilla stated she had no knowledge of the December 8, 2022 trial setting until after the judgment was signed and a writ of possession issued.

The circumstances of this case resemble those in *Cliff v. Huggins*, 724 S.W.2d 778 (Tex. 1987). There, the trial court granted a default judgment for Huggins after Cliff and his attorney failed to appear for trial. *Id.* at 778. In support of his motion for new trial, Cliff submitted an affidavit and offered testimony at the hearing, stating he never received notice of the trial setting and had no awareness thereof until he received notice of the default judgment. *Id.* at 779. Cliff's attorney also testified unequivocally he never received notice of the trial setting and was unaware of it until after the trial date. *Id.* This evidence was uncontroverted. *Id.* The supreme court concluded the record supported Cliff's failure to appear at trial was not intentional or the result of conscious indifference: "[I]t is sufficient that the movant's motion and affidavits set forth facts which, if true, would negate intentional or consciously indifferent conduct." *Id.* (citing *Strackbein*, 671 S.W.2d at 38).

–9–

Similarly, the record here supports that Carrillo's failure to appear at trial was not intentional or the result of conscious indifference. Carrillo submitted affidavits stating defendants and counsel never received notice of the December 8, 2022 trial setting. Zaragoza did not submit any evidence to controvert the factual statements in Carrillo's affidavits.

Carrillo's affidavits constitute the only evidence before the trial court and there is no reasonable interpretation of those affidavits which would constitute evidence Carrillo's failure to appear was a result of an intentional act or conscious indifference. *See Strackbein*, 671 S.W.2d at 39. Instead, taking them as true—as we must in the absence of controverting evidence—Carrillo's motion and affidavits set forth facts which would negate intentional or consciously indifferent conduct. *Cliff*, 724 S.W.2d at 778-79; *Evans*, 889 S.W.2d at 268.

At the hearing on the new trial motion, the trial court indicated Hubble's failures to receive notice via regular mail or electronic mail were "mistakes" and not conscious indifference. Nonetheless, the court believed the mistakes were not "reasonable" and expressed concern whether Hubble exercised diligence to check on the case and ensure no trial had been set. However, we have previously declined to impose a due diligence requirement because it is little different from a negligence standard, which is not the proper test under *Craddock*. *See Ferguson & Co.*, 776 S.W.2d at 697-98 (defendant satisfied its burden of proving its failure to file timely answer was because of accident or mistake and not intentional or the result of

–10–

conscious indifference; uncontroverted facts in company's affidavit indicated citation was lost in interoffice mail and company's president and chief operating officer did not know suit had been filed until they discovery the default judgment) *see also State v. Sledge*, 982 S.W.2d 911, 916 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (uncontroverted explanation established state's failure to appear in condemnation case was not intentional or result of "conscious indifference," where assistant attorney general stated he believed the case had been dismissed, and he had misinterpreted court's notice to believe he did not need to appear: "[W]hile the State's failure to make any inquiries regarding the status of the case may constitute negligence, a defendant is not required to show that he and/or his agent were free of negligence."); *J.H. Walker Trucking v. Allen Lund Co.*, 832 S.W.2d 454, 455-56 (Tex. App.—Houston [1st Dist.] 1992, no writ) (defendant showed his failure to appear at trial was due to a mistake or accident, where evidence established defense counsel moved offices during pendency of case, instructed his legal assistant to notify court and clerk of new address for pending cases, but where address change apparently did not reach court or was not properly recorded by court, and defendant's counsel stated he never received notice of trial setting).

Accordingly, we conclude Carrillo established the failure to appear was not intentional or the result of conscious indifference and instead was based on a lack of notice due to an accident or mistake. Under these circumstances, the trial court had no discretion to deny the motion for new trial. *Evans*, 889 S.W.2d at 268; *Cliff*, 724

–11–

S.W.2d at 778-79; *Ferguson & Co.*, 776 S.W.2d at 699. We sustain Carrillo's sole issue.

## CONCLUSION

The uncontroverted evidence established Carrillo's failure to appear at trial was not intentional or the result of conscious indifference, but instead was based on a lack of notice due to an accident or mistake. Under *Craddock* and its progeny, Carrillo established the right to a new trial. The trial court abused its discretion in denying Carrillo's motion for new trial. Accordingly, we reverse the trial court's judgment and remand for a new trial.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

230282F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TIBURCIO CARILLO AND
MARISOL QUINTANILLA,
Appellants

No. 05-23-00282-CV     V.

JUAN ZARAGOZA, Appellee

On Appeal from the County Court at
Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-19-02017-B.

Opinion delivered by Justice Partida-Kipness. Justices Nowell and Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for a new trial.

It is **ORDERED** that appellants TIBURCIO CARILLO AND MARISOL QUINTANILLA recover their costs of this appeal from appellee JUAN ZARAGOZA.

Judgment entered this 7th day of June, 2024.